## Case No. 8,657.

McALLISTER v. DOUGLAS et al.

[1 Cranch, C. C. 241.][1]

Circuit Court, District of Columbia. June Term, 1805.[2]

CONTRACTS—NONDELIVERY—VALUE OF ARTICLE— MEASURE OF DAMAGES.

The value of the article on the day the cause of action accrued, is the true measure of damages for not delivering it according to contract.

Assumpsit on a special contract respecting flour.

Mr. Lee, for defendant, prayed the court to instruct the jury, that they ought to regulate the damages according to the price of flour on the day when the flour ought to have been delivered, and cited the following cases: Groves v. Graves, 1 Wash. [Va.] 1; Dutch v. Warren, 1 Pow. Cont. 137. The contract was as follows, viz.: "Will you receive my flour on the following terms, viz.: Whenever a load of flour is delivered, should any cooperage be wanting, you charge it to the wagoner and deduct it from the carriage; you will credit me with the highest market price at the time of delivery, and note it on the receipt, and any balance of flour that may remain in your hands unpaid, as it is delivered, you will pay me when I send for it, or deliver as much flour as coming to me, at my option. It is understood, that in case the flour is delivered, storage is to be allowed and charged at sixpence per barrel. Agreed: Given under our hands. Alexandria, April 27, 1803. Douglas & Mandeville. John McAllister."

The plaintiff, on the 14th of October, gave notice to the defendants of his option to receive the flour specifically, but gave time to the defendants till the 19th of November, when the flour not being delivered, the plaintiff, on the 21st of November, brought this suit.

Mr. Jones, contra. There was no specific

---

day for the delivery of the flour; when the demand of flour was made, it only showed the plaintiff's option to take flour, and created a duty in Douglas & Mandeville to deliver flour on demand. It was a continuing contract; therefore the damages ought to be the highest price at any time after demand and before verdict. Plaintiff might have sold the flour much higher. Defendants did actually sell much higher.

THE COURT being divided (FITZHUGH. Circuit Judge, absent), the instruction was not given. KILTY, Chief Judge, thought no instruction should be given to the jury. CRANCH, Chief Judge, was of opinion that the jury should be instructed that they ought to make the price of flour on the day of demand and refusal, and interest thereon, the rule of damages for the non-delivery.

The jury gave damages according to the price on the 19th of November, which was the day the cause of action accrued, the negotiation for a compromise having on that day failed.

Judgment affirmed by supreme court, 3 Cranch [7 U. S.] 298.